Burke I. Burke, J.
This is a motion to dismiss an indictment charging first and second degree manslaughter, and violations of sections 482 and 483 of the Penal Law.
Counsel for defendants contends that testimony furnished by them under compulsion to a Grand Jury was illegal, violated their constitutional rights not to be witnesses against themselves, thereby rendering the indictment invalid. In support of this proposition, section 6 of article I of the New York State Constitution, section 10 of the New York State Code of Criminal Procedure, and a host of eases are cited.
Counsel for the People and the defendants agree that section 2447 of the Penal Law, conferring immunity upon witnesses who otherwise would be privileged to withhold testimony by which they would be incriminated, has no application here since section 2447 is conditioned on the granting of immunity by express provision of statute, and there is no statute providing for the grant of immunity in manslaughter cases.
The New York cases hold that if a person is compelled to testify before a Grand Jury investigation directed against him, then the subsequent indictment returned against him by the same Grand Jury will be dismissed as invalid on the grounds that his constitutional privilege against self incrimination has *908 been violated. But when an individual appears as a witness before a Grand Jury during an investigation which is not directed towards him, then he must claim his constitutional privilege and refuse to give testimony; and if he does not do so, and testifies without objection, then he is deemed to have waived Shi® rights. (People v. De Feo, 284 App. Div. 622, revd. 308 N. Y. 595; People v. Gillette, 126 App. Div. 665; People v. Bermel, 71 Misc. 356.)
In a recent case (People v. Freistadt, 6 A D 2d 1053) it appeared that the defendants testified under subpoena before a Grand Jury concerning transactions which became the basis of indictments against them. The testimony was taken without warning as to self incrimination, without immunity from prosecution, and without express waiver of immunity. The court held the individuals so testifying had been placed in the position of prospective defendants, and dismissed the indictment against them.
The circumstances attendant upon the present indictment are generally as follows: Sheila Dooling, age 7, was found dead in the home of her adoptive parents, Jerome and Clara Dooling, in the Town of Amherst, New York, on April 4, 1958. These people also are named as defendants in the indictment. Sheila was the child of June M. Dooling, wife of the defendant, Kenneth Dooling, who both resided at 15 Palos Place, Buffalo, New York.
In May, 1958, an Erie County Grand Jury commenced a John Doe investigation into the death of Sheila. In connection therewith the District Attorney invited these defendants to his office where they both made statements on May 7, 1958. Thereafter they were subpoenaed to testify before the Grand Jury.
The defendants were not represented by counsel at the time of their Grand Jury appearance, and it is conceded they were not advised of any right not to incriminate themselves. Subsequently the Grand Jury returned the present indictment.
The question is being asked, why the investigative authorities did not utilize the various services at their disposal including those of staff members of the District Attorney’s office, State police, community police agencies, and the Sheriff with his mobile crime laboratory, to ascertain and summarize the facts preliminarily before summoning Grand Jury witnesses, and thus obviate the present problem. However, we are confronted with the situation as it exists, and the only question presented is this:
Was the Grand Jury investigation directed at these two defendants, or when they were summoned to testify, were they in the role of prospective defendants?
*909 Information in the possession of the District Attorney at the time indicated:
(1) that Sheila had resided with Jerome and Clara Dooling for various periods since 1956;
(2) that Jerome and Clara Dooling, the adoptive parents, June M. Dooling, the mother, and the child Sheila had appeared in December, 1957, in County Court where they had been observed and interviewed by a Judge, who then granted an order of adoption;
(3) that on the basis of statements made to the District Attorney by the defendant June M. Dooling and her husband, the defendant Kenneth Dooling, they had not seen Sheila between the date of the adoption proceeding in December, 1957, and the date of her death in April, 1958; and that in such period of time Jerome Dooling and Clara Dooling, his wife, had the exclusive care and custody of Sheila.
I find that when the two defendants were called as witnesses, the Grand Jury investigation was not in fact directed towards them, and they did not appear to be prospective defendants.
The motion is accordingly denied.